# EXHIBIT B

1→CIT ES

FILED
DALLAS COUNTY
12/7/2016 8:11:53 PM
FELICIA PITRE
DISTRICT CLERK

Marissa Pittman

DC-16-15653

NO. _____

| | | |
|---|---|---|
| **ELIZUR GONZAGA,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | _____ **JUDICIAL DISTRICT** |
| | § | |
| **AMERICAN BANKERS INSURANCE** | § | |
| **COMPANY OF FLORIDA,** | § | |
| | § | |
| **Defendant.** | § | **DALLAS COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Elizur Gonzaga, hereinafter called Plaintiff, complaining of and about American Bankers Insurance Company of Florida, hereinafter called Defendant, and for cause of action shows unto the Court the following:

### I.   DISCOVERY CONTROL PLAN LEVEL

1.   Plaintiff intends that discovery be conducted under Discovery Level 3 of Texas Rules of Civil Procedure 190. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II.   PARTIES AND SERVICE

2.   Plaintiff Elizur Gonzaga is an Individual whose is a resident of Dallas County, Texas.

3.   Defendant American Bankers Insurance Company of Florida is a foreign

insurance company formed under the laws of the State of Florida with its principal office located at 11222 Quail Roost Dr. Miami, FL 33157. Defendant may be served with process by serving its attorney for service, Corporation Service Company at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218, as its agent for service.  In the alternative, Defendant may be served with process by serving the Texas Secretary of State at Citation Unit, P.O. Box 12079, Austin, Texas 78711, as its agent for service. The Secretary may forward the Petition and Citation to Defendant's registered agent for service of process in Florida, Chief Financial Officer, 200 E. Gaines Street, Tallahassee, FL 32399-0000.

### III.     MISNOMER/ALTER EGO

4.      In the event any parties are misnamed or are not included herein, Plaintiff contends that such was a "misidentification," "misnomer," and/or such parties are/were "alter egos" of parties named herein.

### IV.     JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this lawsuit. Plaintiff's claims involve Texas statutory and common law. The amount in controversy is within this Court's jurisdictional limit. Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000. Plaintiff's counsel offers this statement for informational purposes only as required by TEX. R. CIV. P. 47 and reserves the right to change or amend it as the evidence deems necessary. A jury, however, will ultimately determine the amount of monetary relief actually awarded.

6.      This Court has personal jurisdiction over the parties. All the parties are either individuals or corporate residents of the State of Texas, have sufficient minimum contacts with

the State of Texas, and/or have purposefully availed themselves of the laws and markets of the State of Texas so as to not offend traditional notions of fair play and substantial justice. The Court has jurisdiction over Defendant because Defendant is a foreign insurance company that engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of Defendant's business activities in the State of Texas.

7. This Court is the proper venue to hear this lawsuit pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1) because the events giving rise to this lawsuit occurred in Dallas County, Texas. This Court is also proper venue pursuant to TEX. CIV. PRAC. & REM. CODE § 15.032 because the loss occurred in Dallas County, Texas and the policyholder, Plaintiff, resided in Dallas County, Texas at the time the cause of action accrued.

## IV. FACTS

8. Each and every act or omission preformed by Defendant described in this pleading was either performed by Defendant or its agents, employees, or representatives and authorized by Defendant, performed within the scope of employment, or ratified or approved by Defendant.

9. Plaintiff acquired by purchase an Antique and Collectible Vehicle Insurance Policy (The "Policy") sold by Defendant. The Policy was effective June 29, 2014 through June 29, 2015 and amended on December 4, 2014. The policy number is No. AVP2409763.

10. Plaintiff owned a 2004 Ford GT40, VIN 4LSGTF2163H000326 (the "Vehicle). The Policy covered the Vehicle for an Agreed Value of $50,000. The Policy provided coverage for theft or larceny of up to $50,000 with a $500 deductible.

11. On or about December 9, 2014, Plaintiff's Vehicle was stolen in Dallas County,

Texas. Plaintiff reported the theft to the Garland Police Department that same day.  Plaintiff also reported the theft of the Vehicle to Defendant and set up a claim (the "Claim") with Defendant on that same day or within a couple of days thereafter.

12.    Plaintiff requested Defendant cover the loss of the Vehicle for the Agreed Value of $50,000. Plaintiff also provided all documents, information, and interviews requested by Defendant and fully cooperated with Defendant in its investigation of the Claim. Defendant failed to perform a thorough investigation of the Claim.

13.    Despite full cooperation by Plaintiff, Defendant did not accept or deny the Claim until August 4, 2015, nearly nine months later.  On that date, Defendant sent a letter denying Plaintiff's Claim for the sole reason that: "the photos of the vehicle you provided to the investigator, are not the photos of your vehicle as you verified in your recorded statement." Defendant did not dispute that Plaintiff suffered a covered loss, that he fully complied with all conditions of the Policy, and that the value of his stolen Vehicle is $50,000.  Rather, Defendant relies solely upon Part F-General Provisions of the Texas Personal Automobile Policy regarding fraud.  Specifically, Defendant contends that Plaintiff "made fraudulent statement or engaged in fraudulent conduct," as that language is used in the Policy, by stating during his recorded statement that the photos he sent the Investigator were photos of his stolen Vehicle when they allegedly were not.

14.    Defendant did not have a reasonable basis for the denial. Plaintiff sent Defendant the only pictures he had of the Vehicle after its refurbishment by the mechanic, which were pictures taken by the mechanic. Plaintiff believes these photos were, in fact, photos of his Vehicle. But, even if they were not, Plaintiff did not know that they were not pictures of his Vehicle, he did not intend to defraud Defendant. As a matter of Texas law, of which Defendant is

deemed to have knowledge, the fraud provision does not apply where there was no knowing misrepresentation and there was no intent to defraud.

15.     Further, as a matter of Texas law, of which Defendant is deemed to have knowledge, the fraud provision only applies if the misrepresentation was material. If Plaintiff had not possessed any pictures of his Vehicle, he would not have had to provide any pictures to Defendant, or he could have provided photos of a vehicle similar to his to the Investigator. Furthermore, and most significantly, Defendant had already agreed that the Vehicle was worth $50,000, as stated in the Declaration of the Policy. So, whether or not the photos provided to the investigator by Plaintiff were or were not pictures of the actual stolen Vehicle, as he supposedly falsely stated, it could not possibly have been material to Defendant's investigation of Plaintiff's Claim.

16.     Defendant failed to reasonably investigate the Claim, fraudulently denied coverage to Plaintiff, and practiced unfair settlement of the Claim. As a result, Plaintiff was denied coverage for a valid loss covered by the Policy. The mishandling of the Claim and misrepresentation to Plaintiff also caused a delay in Plaintiff's ability to replace the Vehicle. To this date, Plaintiff has yet to receive any compensation to which he is entitled under the Policy.

## V.     CAUSES OF ACTION

### A.     BREACH OF CONTRACT

17.     Plaintiff repleads the foregoing factual allegations as if here quoted verbatim and set forth herein at length.

18.     The Policy constitutes a valid written contract between Plaintiff and Defendant. Given that Defendant's fraud assertion is meritless and immaterial, Defendant breached the

agreement by failing to pay a covered claim causing economic damages to Plaintiff in the amount of $49,500, the Agreed Value of the Vehicle minus the $500 deductible.

19.     Pursuant to TEX. CIV. PRAC. & REM. CODE § 38.001, Plaintiff is also entitled to recover his reasonable and necessary attorney's fees incurred. By letter dated March 10, 2016, Plaintiff presented his claim to Defendant pursuant to TEX. CIV. PRAC. & REM. CODE § 38.002. More than 30 days have elapsed since Defendant received the letter, and Defendant has not tendered payment for the just amount owed.

### B.     BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

20.     Plaintiff repleads the foregoing factual allegations as if here quoted verbatim and set forth herein at length.

21.     As a matter of Texas law, a special relationship exists between an insurer and the insured. Defendant owed a duty of good faith and fair dealing to Plaintiff. Defendant and its agents, employees, and representatives breached this duty through various acts and omissions, including, but not limited to, denying the Claim without a reasonable basis, failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim when Defendant's liability had become reasonably clear, and failing to conduct a reasonable investigation, each of which singularly or in combination with others, constitute breaches of its duty that were a direct and proximate cause of the occurrence in question and the resulting damages set forth herein.

22.     As a direct and proximate result of the forgoing acts and/or omissions, Plaintiff suffered economic damages of $49,500 and mental anguish. Plaintiff is also entitled to recover from Defendant reasonable and necessary attorney's fees, court costs, pre-judgment interest, and post-judgment interest. In addition, Defendant's conduct was committed with malice, fraud, and gross negligence. Further, because Defendant has ratified and approved of the actions of its

agents, employee, and representatives including, who maliciously and wrongfully denied and delayed Plaintiff's claim, Plaintiff is entitled to recover exemplary damages.

### C.   VIOLATION OF TEXAS INSURANCE CODE § 542.058(a)

23.   Plaintiff repleads the foregoing factual allegations as if here quoted verbatim and set forth herein at length.

24.   By August 4, 2015, Defendant had received all items, statements, and forms reasonably requested and required under TEX. INS. CODE § 542.055, yet it nevertheless delayed payment of Plaintiff's Claim for more than sixty days thereafter in violation of TEX. INS. CODE § 542.058(a). Accordingly, it is liable to pay damages and other items as provided by TEX. INS. CODE § 542.060. Accordingly, pursuant to TEX. INS. CODE § 542.060(a) & (b), Plaintiff is entitled to recover the amount of his claim, $49,500, plus interest at the rate of 18% a year on that amount beginning August 4, 2015, plus reasonable attorney's fees, which fees shall be taxed as part of the costs in this case.

### D.   VIOLATIONS OF TEXAS INSURANCE CODE 541.060

25.   Plaintiff repleads the foregoing factual allegations as if here quoted verbatim and set forth herein at length.

26.   On or about August 4, 2015, Defendant knowingly made statements misrepresenting Policy provisions including, but not limited to, Part F - General Provisions, by stating Plaintiff committed fraud. As detailed above, Plaintiff's acts and omissions did not constitute fraud. As a consequence, not only did Defendant engage in unfair settlement practices under TEX. INS. CODE § 541.060(a)(1) it did so knowingly, as that term is defined in TEX. INS. CODE § 541.002.

27.   By August 4, 2015, Defendant's liability for Plaintiff's Claim had become

reasonably clear. A covered loss had definitely been suffered, Plaintiff had complied with all conditions necessary for recovery upon his Claim, and the value of the Vehicle was established by the Policy itself. Furthermore, Defendant knew that the fraud provision did not provide it a defense to coverage, because it knew Plaintiff had not made a material misrepresentation with intent to defraud. As a consequence, not only did Defendant engage in unfair settlement practices under TEX. INS. CODE § 541.060(a)(2)(A), it did so knowingly, as that term is defined in TEX. INS. CODE § 541.002.

28.     Additionally, Defendant's failed to promptly provide Plaintiff a reasonable explanation for denial of Plaintiff's Claim. Not only did Defendant send the denial letter almost nine months after the loss occurred, but it also provided a meritless, immaterial, and unreasonable reason for denying the Claim. As a consequence, not only did Defendant engage in unfair settlement practices under TEX. INS. CODE § 541.060(a)(3), it did so knowingly, as that term is defined in TEX. INS. CODE § 541.002.

29.     Defendant also failed within a reasonable time to affirm or deny coverage of a claim to Plaintiff. Defendant sent Plaintiff a denial letter almost nine months after the loss occurred. Defendant also knew a covered loss had definitely been suffered and the value of the Vehicle was established by the Policy itself. As a consequence, not only did Defendant engage in unfair settlement practices under TEX. INS. CODE § 541.060(a)(4)(A), it did so knowingly, as that term is defined in TEX. INS. CODE § 541.002.

30.     Furthermore, Defendant failed to conduct a reasonable investigation with respect to the claim. Defendant intentionally and knowingly overlooked the overwhelming amount of documents and information establishing a covered loss and instead focused on immaterial information regarding pictures of the Vehicle to deny Plaintiff's Claim. As a consequence, not

only did Defendant engage in unfair settlement practices under TEX. INS. CODE § 541.060(a)(7),

it did so knowingly, as that term is defined in TEX. INS. CODE § 541.002.

31.     Pursuant to TEX. INS. CODE §§ 541.151 & 541.152(a) & (b), in addition to the

$49,500 in actual damages, Plaintiff is entitled to recover from Defendant up to three times the

$49,500, and 18% interest, plus court costs and reasonable and necessary attorney's fees.

32.     Pursuant to TEX. INS. CODE §§ 541.154(a) & (b), Plaintiff gave written notice to

Defendant of his specific complaint and the amount of his actual damages and expenses,

including attorney's fees reasonably occurred in asserting the Claim against Defendant, by letter

dated March 10, 2016, more than sixty days before the filing of this suit.

E.      VIOLATION OF TEXAS INSURANCE CODE 541.061

33.     Plaintiff repleads the foregoing factual allegations as if here quoted verbatim and

set forth herein at length.

34.     On or about August 4, 2015, Defendant made untrue, misleading statements

misrepresenting the terms of the Policy by stating coverage for Plaintiff's vehicle was denied

because of fraud. Plaintiff's acts and omissions did not constitute fraud according to Part F -

General Provisions of the Policy. This is also a material misstatement of law and Defendant

failed to state a material fact necessary to make its statements not misleading. As a consequence,

not only did Defendant engage in misrepresentation regarding the policy under TEX. INS. CODE §

541.061, it did so knowingly, as that term is define in TEX. INS. CODE § 541.002.

35.     Pursuant to TEX. INS. CODE §§ 541.151 & 541.152(a) & (b), in addition to the

$49,500 in actual damages, Plaintiff is entitled to recover from Defendant up to three times the

$49,500, and 18% interest, plus court costs and reasonable and necessary attorney's fees.

36.     Pursuant to TEX. INS. CODE §§ 541.154(a) & (b), Plaintiff gave written notice to

Defendant of his specific complaint and the amount of his actual damages and expenses, including attorney's fees reasonably occurred in asserting the Claim against Defendant, by letter dated March 10, 2016, more than sixty days before the filing of this suit.

F.    VIOLATION OF TEXAS BUSINESS CODE § 17.50(a)(3) & (4)

37.    Plaintiff repleads the foregoing factual allegations as if here quoted verbatim and set forth herein at length.

38.    In the sale of a Texas automobile insurance policy and investigation of Plaintiff's Claim, Defendant engaged in an unconscionable action or course of actions by intentionally, knowingly, and fraudulently denying Plaintiff's Claim. Defendant is an insurance company with knowledge, ability, and experience in handling Texas automobile insurance claims. Plaintiff lacks knowledge, ability, and experience in purchasing Texas automobile insurance and processing a claim for vehicle loss. Defendant took advantage of this lack of knowledge, ability, and experience to a grossly unfair degree by taking almost nine months to deny the Claim, failing to conduct a reasonable investigation, and denying coverage for a meritless and immaterial allegation of fraud. Defendant's acts and omissions were the producing cause of Plaintiff's economic damages and mental anguish.

39.    Defendant also used or employed acts or practices in violation of Chapter 541 of the Texas Insurance Code as described herein, which, in turn violated TEX. BUS. & COM. CODE § 17.50(a)(4).

40.    Pursuant to TEX. BUS. & COM. CODE § 17.50(b)(1) & (d), Plaintiff is entitled to recover his economic damages of $49,500, reasonable and necessary attorney's fees, court costs, pre-judgment interest, and post-judgment interest. Additionally, pursuant to TEX. BUS. & COM. CODE §17.50(b)(1), Plaintiff is entitled to recover damages for mental anguish, up to three times

the amount of his economic damages, and 18% interest because Defendant knowingly violated an action under TEX. BUS. & COM. CODE §17.50(a). Further pursuant to TEX. BUS. & COM. CODE §17.50(b)(1), Plaintiff is entitled to recover damages for mental anguish and up to three times economic damages, interest, and mental anguish damages because Defendant intentionally violated an action under TEX. BUS. & COM. CODE §17.50(a).

41.    Pursuant to TEX. BUS. & COM. CODE §17.45(9), knowingly means actual awareness[1], at the time of the act or practice complied of, of the falsity, deception, or unfairness of the act or practice giving rise to the consumer's claim. Further pursuant to TEX. BUS. & COM. CODE §17.45(13), intentionally means actual awareness of the falsity, deception, or unfairness of the act or practice, or the condition, defect, or failure constituting a breach of warranty giving rise to the consumer's claim, coupled with the specific intent[2] that the consumer act in detrimental reliance on the falsity or deception or in detrimental ignorance of the unfairness.

42.    Pursuant to TEX. BUS. & COM. CODE §17.505(a), Plaintiff gave written notice to Defendant advising Defendant in reasonable detail of Plaintiff's specific complaint and the amount of his economic damages, damages from mental anguish, and expenses, including attorney's fees reasonably incurred by Plaintiff in asserting his Claim against Defendant. He did so by letter dated March 10, 2016, more than sixty days before filling this suit.

## G.    COMMON LAW FRUAD

43.    Plaintiff repleads the foregoing factual allegations as if here quoted verbatim and set forth herein at length.

44.    Defendant stated that Plaintiff had committed fraud and subsequently denied

---

[1] Actual awareness may be inferred where objective manifestations indicate that a person acted with actual awareness. TEX. BUS. & COM. CODE §17.45(9)

[2] Intention may be inferred from objective manifestations that indicate that the person acted intentionally or from facts showing that a defendant acted with flagrant disregard of prudent and fair business practices to the extent that the defendant should be treated as having acted intentionally. TEX. BUS. & COM. CODE §17.45(13)

Plaintiff coverage under the Policy. Defendant knew that Plaintiff's actions were not fraudulent; or in the alternative, recklessly represented that Plaintiff's actions were fraudulent without any knowledge of the truth and without a proper investigation. This misrepresentation was made with the intent to deny Plaintiff coverage and to entice Plaintiff to drop the Claim.

45.   As a direct and proximate result of the forgoing acts and/or omissions, Plaintiff suffered economic damages of $49,500 and mental anguish. Plaintiff is also entitle to reasonable and necessary attorney's fees, court costs, pre-judgment interest, and post-judgment interest.

### H.   NEGLIGENT MISREPRESENTATION

46.   Plaintiff repleads the foregoing factual allegations as if here quoted verbatim and set forth herein at length.

47.   Defendant stated that Plaintiff had committed fraud and subsequently denied Plaintiff coverage under the Policy. Defendant made this representation in the course of business or in a transaction in which it had a pecuniary interest. This misrepresentation supplied false information for the guidance of Plaintiff. Defendant did not exercise reasonable care or competence in obtaining or communicating the information. Plaintiff relied on this misrepresentation, which proximately caused economic damages.

48.   As a direct and proximate result of the forgoing acts and/or omissions, Plaintiff suffered economic damages of $49,500.

### VI.   DAMAGES

49.   As a direct and proximate result of Defendant's acts and omissions making the basis of this lawsuit, Plaintiff suffered and will in all reasonable probability continue to suffer actual damages which include economic damages of $49,500 and mental anguish. Plaintiff also

seeks reasonable and necessary attorney's fees, court costs, and pre-judgment and post-judgment interest at the highest legal rate, and any additional damages described herein which he is entitled to by statutory or common law.

## VII.   EXEMPLARY DAMAGES

50.   Plaintiff repleads the foregoing factual allegations as if here quoted verbatim and set forth herein at length.

51.   In addition to actual damages, Defendant's conduct, as described herein, constitutes gross negligence in that it demonstrated an entire want of care that tends to show its conscious indifference to the rights, safety, and welfare of others, including Plaintiff.

52.   Defendant created an extreme risk of harm by knowingly and recklessly denying Plaintiff's Claim as described above. Defendant had both actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the right, safety, and welfare of others. Defendant also intended to cause substantial harm to Plaintiff. As described herein, Defendant's acts and omissions, taken singularly, or in combination, constitute acts of gross negligence, malice, and fraud which proximately caused Plaintiff's damages.

## VIII.   TEX. R. CIV. P. 193.7 NOTICE

53.   Pursuant to TEX. R. CIV. P. 193.7, Plaintiff hereby give notice of intent to utilize items produced in discovery against the producing party.

## IV.   PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that Defendant be cited according to law to appear and answer herein, and that upon a final trial, the Court enter judgment in his favor as set forth above, plus pre-judgment and post-judgment interest at the maximum rates permissible at law or in equity, plus all such other and further relief, general or special, legal or equitable, to which he may be justly entitled.

Respectfully submitted,

Andrew J. Wooley
Texas Bar No. 24077780
THE LAW OFFICE OF ANDREW J. WOOLEY
10440 N. Central Expressway, Suite 800
Dallas, Texas 75231
Tel. (214) 699-6524
Fax. (214) 853-5047
Email: awooley@wooleylaw.com
**Attorney for Plaintiff**